**FILED**
**JUNE 28, 2022**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| DEREK E. GRONQUIST, | ) | No. 38550-7-III |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| STATE OF WASHINGTON; and the | ) | |
| WASHINGTON STATE DEPARTMENT | ) | |
| OF CORRECTIONS, | ) | |
| | ) | |
| Respondents. | ) | |

PENNELL, J. —Derek Gronquist appeals an order dismissing his complaint against the Department of Corrections (DOC) and the State of Washington, where Mr. Gronquist sought to enjoin the DOC from prosecuting him as a sexually violent predator (SVP). We affirm.

FACTS

In 1995, Derek Gronquist was convicted in King County Superior Court of three counts of attempted first degree kidnapping with sexual motivation, and sentenced to 342 months in prison. *State v. Gronquist*, noted at 82 Wn. App. 1066 (1996); *In re Pers. Restraint of Gronquist*, 192 Wn.2d 309, 312-13, 429 P.3d 804 (2018). He has remained in the custody of the DOC since 1995. Over the course of his incarceration, Mr. Gronquist has frequently been involved in litigation against the DOC. S*ee, e.g.*, *Gronquist v. Dep't of Corr.*, 196 Wn.2d 564, 475 P.3d 497 (2020); *Pers. Restraint of Gronquist*, 192 Wn.2d

309; *In re Pers. Restraint of Smith*, 139 Wn.2d 199, 986 P.2d 131 (1999); *In re Pers. Restraint of Gronquist*, 138 Wn.2d 388, 978 P.2d 1083 (1999); *Gronquist v. Dep't of Corr.*, 177 Wn. App. 389, 313 P.3d 416 (2013); *Gronquist v. Dep't of Corr.*, 159 Wn. App. 576, 247 P.3d 436 (2011).

As Mr. Gronquist approached the end of his prison sentence, the DOC's end-of-sentence review committee (ESRC) began evaluating Mr. Gronquist to (1) determine his sex offender risk level, and (2) make the appropriate referrals. As part of this process, the ESRC retained Harry Hoberman, Ph.D., to conduct a forensic psychological evaluation (FPE) of Mr. Gronquist. In February 2013, the ESRC found Mr. Gronquist to be a level three sex offender, and referred him to the King County Prosecuting Attorney (KCPA) for prosecution as a sexually violent predator (SVP) pursuant to RCW 71.09.025. The KCPA has taken no action on this referral.

In October 2020, Mr. Gronquist filed suit in Thurston County Superior Court against both the State and the DOC. In his complaint, Mr. Gronquist claimed the DOC was retaliating because of his litigation against it by falsifying various documents that it then used to artificially inflate his sex offender level. He also claimed Dr. Hoberman was biased against those convicted of sex offenses, and that his FPE was consequently unreliable. Mr. Gronquist also contended an attorney of the KCPA had told him "'it is

highly likely that KCPA[] would initiate sexually violent predator proceedings utilizing

Dr. Hoberman's report'" if his litigation against the DOC was successful. *Id*. at 11.

Mr. Gronquist requested the following relief in his complaint:

- An injunction against the defendants to prevent them from prosecuting him as an SVP;

- An injunction against the DOC to prevent it from characterizing him as someone who has been referred for or meets the criteria for civil commitment under chapter 71.09 RCW; and

- An award of attorney fees and costs.

Mr. Gronquist's complaint did not name the KCPA as a party, nor did he serve the KCPA with his complaint.

The DOC successfully moved under CR 12(b)(6) to dismiss Mr. Gronquist's complaint. Mr. Gronquist now appeals. A Division Three panel considered Mr. Gronquist's appeal without oral argument after receipt of an administrative transfer of the case from Division Two.

## ANALYSIS

We review a CR 12(b)(6) dismissal de novo. *Trujillo v. Nw. Tr. Servs., Inc.*, 183 Wn.2d 820, 830, 355 P.3d 1100 (2015). Under this rule, we construe a complaint's

3

allegations in the plaintiff's favor and ask whether the plaintiff can establish a set of facts that would justify recovery. *Id.* Dismissal is proper if the plaintiff's claim is legally insufficient, even under this deferential standard. *Id*.

The trial court properly dismissed Mr. Gronquist's suit under CR 12(b)(6). Mr. Gronquist's complaint fails to state a claim upon which relief can be granted for two primary reasons.

First, Mr. Gronquist did not file suit against the appropriate party. The only defendants named in the action are the State and the DOC. Yet the DOC lacks authority to file an SVP petition. Only the local prosecuting authority (in this case the KCPA) may initiate the filing of an SVP petition. RCW 71.09.030(2).[1] Because Mr. Gronquist has not named the KCPA as a defendant in this case, he has not asserted a claim for which he can receive effective relief.

Second, Mr. Gronquist cites no authority to permit an injunction barring the DOC from characterizing him as a sexually violent predator under chapter 71.09 RCW. Mr. Gronquist is concerned that any future referral would amount to improper retaliation for his previous litigation against DOC. Regardless of the validity of this concern, it

---

[1] The Attorney General of Washington may file a petition if requested by a county prosecuting attorney, RCW 71.09.030(2)(b), but since the KCPA took no action on the referral, no request was ever made.

is impossible to conclude at this point in time that a future referral would be based on retaliation. A future referral may be made based on facts that have yet to occur. Any relief based on improper retaliation must be made in response to any future referral, not as a prior restraint.

## CONCLUSION

The order of dismissal is affirmed. Given our decision, no action is necessary on the DOC's motion to dismiss the appeal.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____
Fearing, J.

_____
Staab, J.

5